No. 82-421

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

GARY LYNN ALLEN,

        Defendant and Appellant.

Appeal from: District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Mark P. Sullivan, Judge presiding.

Counsel of Record:

    For Appellant:

        C. F. Mackay, Anaconda, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena,
Montana
Ted Mizner, County Attorney, Deer Lodge, Montana

Submitted on Briefs: January 6, 1983

Decided: March 31, 1983

Filed: MAR 31 1983

*Ethel M. Harrison*
—————————————————
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendant appeals a Powell County conviction of felony escape from the state prison. Defendant contends the State deprived him of his rights to a speedy trial because 184 days elapsed between the time of his arrest, and the time of his trial. We affirm.

On January 9, 1982, defendant escaped from the Montana State Prison where he was serving a 40 year sentence for mitigated deliberate homicide. Officials recaptured defendant on March 15, 1982, and immediately returned him to the prison. He made his initial appearance in the trial court on April 1, 1982, and after the court appointed a public defender for him, he entered a plea of "not guilty." Trial was set for May 24, 1982.

On April 30, 1982, however, this trial date was vacated after defendant moved to substitute the trial judge and also filed a motion for a change of venue. The motion for a change of venue was not heard until July 29. The record provides no explanation for the three month delay in hearing the motion. On July 29, the court denied the motion and set a trial date for September 17. Four days before trial, on September 13, defendant moved that the case be dismissed because he was deprived of a speedy trial; two days later, on September 15, the court denied the motion.

On the trial date defendant waived a jury trial and submitted his case to the trial court on stipulated facts. Defendant was found guilty and he was sentenced to four years hard labor, to run consecutively to his present prison term.

2

Although the delay in this case was significant (184 days from arrest to trial and conviction), the defendant has shown no prejudice to warrant a dismissal because of a speedy trial violation. Since defendant's recapture he has been kept in maximum security, but defendant has not shown that he would have been turned into the general population at an earlier date if he had a speedier trial. Surely one who has escaped can properly be considered a security risk. Defendant has not shown that an earlier trial and conviction on his escape charge would have resulted in an earlier release from maximum security. Defendant has shown no prejudice and therefore is not entitled to dismissal on the grounds he was denied a right to a speedy trial. State v. Burtchett (1974), 165 Mont. 280, 530 P.2d 471, cert.den. 420 U.S. 974.

The judgment of the District Court is affirmed.

_____
                    Justice

We Concur:

_____
       Chief Justice

_____

_____

_____
       Justices

3